11766

PEARCE v. JENNINGS ADM'R.

(127 S. E., 842)

LANDLORD AND TENANT—EVIDENCE HELD TO RAISE QUESTION FOR JURY WHETHER TOBACCO WAS GROWN BY SHARE CROPPER OR BY TENANT.— Evidence *held* to raise question for jury whether tobacco, subject of claim and delivery action, was grown by share cropper or by one holding as tenant of plaintiff.

Before WILSON, J., Florence, May, 1924. Reversed, and new trial ordered.

Suit by M. H. Pearce against L. D. Jennings, as administrator of the estate of Gus Williams, deceased. From a judgment of nonsuit, plaintiff appeals.

*Mr. Phillip H. Arrowsmith,* for appellant, cites: *Question for jury where more than one inference to be drawn from testimony:* 93 S. C.,118; 101 S. C., 10; 101 S. C., 256; 117 S. E., 514; 119 S. E., 839. *Share-cropping agreement:* 15 S. C., 82; 70 S. C., 391; 111 S. C., 1; 117 S. E., 204. *Technical terms:* 9 Cyc., 252; 9 Cyc., 577-578; 13 C. J., sec. 489 *et seq.;* 13 C. J., sec. 521; 6 R. C. L., sec. 232.

*Rental agreement:* 88 S. C., 373; 36 C. J., 684, sec. 1915; 54 S. C., 292; 21 S. C., 51. *Attachment only proper remedy:* 15 S. C., 548; 14 S. C., 35; cases listed in annotation to 35 S. C. Reprint 232.

May 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought this action in claim and delivery for eight thousand (8,000) pounds of tobacco, that was raised on land owned by the plaintiff. The defendant gave bond and took back the tobacco.

The evidence tended to show that the plaintiff rented the land to one Williams (now dead), and took a rent lien in writing. That Williams came to the plaintiff and told him he could not get the fertilizer, unless the plaintiff would stand security for the fertilizer; that plaintiff declined to stand for it, but said that, if the defendant would surrender his lease, and continue on the land as share cropper, he would furnish the fertilizer. This was denied by the defense and it is claimed that the said Williams agreed to pay the plaintiff one-half of the crop as rent. This claim is based upon the following statement:

"Q. What did Williams tell Mr. Pearce? A. He said he went to Mr. Miller Green and he had him all messed up, that he had promised to get him fertilizer and he couldn't get it; and he came by Tom Wilson's, and he told him he couldn't furnish him any fertilizer without Mr. Pearce standing for it, and he came to Mr. Pearce and asked him to furnish him some fertilizer, and Mr. Pearce told him he couldn't furnish him fertilizer on the rent proposition, and what about changing it to a share crop, and Gus said that suited him.

"Q. You got the fertilizer? A. Yes.

"Q. You are sure that was on the 26th day of April? A. Yes.

"The Court: It was to be a share crop? A. He agreed to furnish fertilizer for one-half of the crop.

"Q. Mr. Pearce was to furnish fertilizer for the cotton, corn and everything? A. Yes.

"Q. He was to give him one-half of the crop? A. One-half of the cotton, tobacco and corn."

Who was to pay the crop? To say the least of it, the testimony is not clear.

The trial Judge granted a nonsuit.

The contract itself was in dispute, and it was error to grant a nonsuit. The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION, and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.